**YAKAMA INDIAN NATION,**
**Plaintiff–Appellant,**

v.

**STATE OF WASHINGTON DEPARTMENT OF REVENUE, Defendant–Appellee.**

No. 98–35068.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1999.

Filed June 1, 1999.

Leslie Weatherhead, Witherspoon, Davenport, Kelley & Toole, Spokane, Washington, for the plaintiff-appellant.

John Barnes, Assistant Attorney General, Olympia, Washington, for the defendant-appellee.

Before: PREGERSON and THOMPSON, Circuit Judges, and MOSKOWITZ, District Judge.[1]

1. The Honorable Barry Ted Moskowitz, United States District Court Judge for the Southern District of California, sitting by designation.

DAVID R. THOMPSON, Circuit Judge:

## OVERVIEW

The Yakama Indian Nation ("the Nation") appeals the dismissal of its declaratory judgment and injunctive relief action against the State of Washington Department of Revenue ("the Department"). In that action, the Nation challenged, on the ground of sovereign immunity, the Department's seizure of unstamped packages of cigarettes owned by, and being transported to, the Nation. The Nation argues that the district court erred by immunizing the state against suit under the Eleventh Amendment and by denying the Nation's request to amend its complaint to include *ultra vires* claims against state officers. We have jurisdiction under 28 U.S.C. § 1291 to review the dismissal of the original action and the denial of leave to amend, and we affirm those decisions.

The Nation also appeals the district court's order remanding an administrative forfeiture proceeding that the Department instituted after it seized the cigarettes, and which the Nation removed to the district court. Because 28 U.S.C. § 1447(d) precludes appellate jurisdiction to review the remand order, we dismiss that portion of the appeal.

## BACKGROUND

Washington taxes the sale, use, consumption, handling, possession, and distribution of cigarettes. *See* Wash. Rev.Code § 82.24.020. The Department enforces this tax law, which provides that, absent some exceptions, cigarette packages possessed in Washington must bear applicable stamps as proof of tax payment. *See id.* § 82.24.030. "Although Indians are permitted to buy unstamped, tax-exempt cigarettes on Indian reservations located within the State of Washington, all deliveries of unstamped cigarettes to Indian reservations in Washington must be preapproved by [the Department]." *United States v. Baker*, 63 F.3d 1478, 1483 (9th Cir.1995) (citing Wash. Admin. Code § 458.20.192). Preapproval is obtained by giving advance notice to the Department. In the absence of such notice, any unstamped cigarettes are considered contraband, *see id.*, and are subject to seizure and sale. *See* Wash. Rev.Code § 82.24.250(4); *Baker*, 63 F.3d at 1489.

On January 16, 1997, a Washington state patrol trooper asked the driver of a truck and trailer that had just crossed the scales of a weigh station near Plymouth, Washington, to produce all paperwork related to his shipment. The driver produced a bill of lading indicating that he was carrying a load of cigarettes apparently owned by and bound for the Nation in Toppenish, Washington. While checking the load of the truck, the state trooper noticed individual cigarette packages that did not bear the state tax stamps. The state trooper contacted the Washington Department of Revenue and was informed that the Department had not received notification of the transport of unstamped cigarettes to the Nation. The state trooper then obtained a search warrant from the Benton County Superior Court, searched the truck, seized the load of cigarettes, inventoried them, and stored them in a warehouse.

The Department notified the Nation that the cigarettes had been seized as contraband under Washington law. The Nation then wrote a letter to the Department demanding the return of the cigarettes. Pursuant to Washington Revenue Code section 82.24.135, the Department sent the Nation notice of an administrative forfeiture hearing, during which the Nation would be afforded an opportunity to challenge the seizure and to assert its claim to the cigarettes.

Instead of participating in the hearing, the Nation filed a complaint against the Department in the district court seeking (1) a declaration that the State of Washington and its courts and tribunals cannot exercise jurisdiction over a sovereign nation and that the Nation is immune from suit by the Department; (2) an injunction prohibiting the Department from proceeding with the administrative hearing; and

(3) an order requiring the Department to return the Nation's cigarettes or the proceeds from their sale. At the same time, although in a separate action, the Nation, relying on 28 U.S.C. § 1441, removed the administrative forfeiture proceeding to the district court. The district court did not order the two cases consolidated.

Because of the perishable nature of the cigarettes, the Department sold the cigarettes at auction for $235,000. The proceeds from the auction were paid into the registry of the district court pursuant to stipulation of the parties and order of the court.

The Nation moved to dismiss the removed forfeiture proceeding, arguing that the Department could not exercise jurisdiction over a sovereign nation. The Nation also sought leave to amend its original action to include *ultra vires* claims against individual state officers. The Department moved to dismiss the Nation's complaint under the Eleventh Amendment and to remand the removed administrative proceeding to the state administrative tribunal. The district court granted both of the Department's motions, denied the Nation's motions, and ordered disbursement of the auction proceeds to the Department. The court later denied the Nation's motion for reconsideration, but stayed disbursement of the auction proceeds to preserve the status quo pending appeal.

## DISCUSSION

A. The State's Eleventh Amendment Immunity

We first consider whether the Eleventh Amendment bars the Nation's lawsuit against the State of Washington for declaratory and injunctive relief and for return of the cigarette proceeds. Immunity under the Eleventh Amendment is a question of law that we review de novo. *See Micomonaco v. Washington,* 45 F.3d 316, 319 (9th Cir.1995).

The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity. *See Romano v. Bible,* 169 F.3d 1182, 1185 (9th Cir.1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)); *see also Blatchford v. Native Village of Noatak,* 501 U.S. 775, 782, 788, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991) (holding that a state's Eleventh Amendment immunity extends to suits by Indian tribes). The state's consent must be "unequivocally expressed," *Pennhurst State Sch. & Hosp.,* 465 U.S. at 99, 104 S.Ct. 900, meaning that the consent is effective "only where stated by the most express language...." *Port Auth. Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 305, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) (internal quotation and citation omitted).

The Nation contends that the state consented to suit by "involving itself in federal court litigation" and "depositing the cigarette proceeds into the court's register." We reject this argument because the state did not unequivocally express its assent to suit. As the district court correctly noted, the Department asserted sovereign immunity as an affirmative defense in its first responsive pleading, which was filed before the parties stipulated to the deposit of the cigarette proceeds into the district court's registry. Given the Department's clear assertion of sovereign immunity in its pleadings, its agreement to deposit the forfeited proceeds into the court registry pending litigation was simply an act of cooperation, not an unequivocal consent waiving sovereign immunity. Because the state did not unequivocally waive its Eleventh Amendment immunity, the district court did not err in dismissing the Nation's complaint on that ground.

B. The Nation's Motion to Amend

The Nation argues that the district court erred in denying its motion to amend its complaint to include *ultra vires* claims against individual state officers not named in the original complaint. According to the Nation, these individuals were "in-

volved in the actual seizure in question and [were] the individuals responsible for the enforcement of the statute under which the Department claimed authority to seize and forfeit the Tribe's property." The Nation contends that these state officers acted *ultra vires* in violating the Nation's sovereign immunity.

 We review for abuse of discretion a district court's refusal to grant leave to amend after a responsive pleading has been filed. *See Schlacter–Jones v. General Tel. of Cal.,* 936 F.2d 435, 443 (9th Cir.1991). Amendment under the Federal Rules of Civil Procedure should be granted "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir.1997).

The district court denied the Nation leave to amend, concluding that Eleventh Amendment immunity also protected the state officers from suit-in essence holding that the Nation's proposed amendment would be futile because it would fail as a matter of law on a motion for summary judgment. *See Roth v. Garcia Marquez,* 942 F.2d 617, 628–29 (9th Cir.1991). To determine whether the district court abused its discretion by this ruling, we consider whether Eleventh Amendment immunity would bar claims against the individual state officers as a matter of law, rendering the Nation's proposed amendment futile.

The Supreme Court has held that a suit against state officers acting in their individual capacities does not violate a state's Eleventh Amendment immunity in certain circumstances where the claimant is seeking only declaratory and injunctive relief. *See Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). The four circumstances in which such declaratory and injunctive relief actions against individual state officials have been allowed to proceed in federal court are when (1) state officials are plainly act-ing outside their statutory authority, *see Coeur d'Alene Tribe,* 521 U.S. at 270, 117 S.Ct. 2028; (2) no state forum exists to vindicate federal interests, *see id.* at 270–74, 117 S.Ct. 2028; (3) " 'it is necessary to permit the federal courts to vindicate federal rights,' " *id.* at 277, 117 S.Ct. 2028 (quoting *Papasan v. Allain,* 478 U.S. 265, 277, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)); and (4) "a plaintiff seeks prospective relief to end a state officer's ongoing violation of federal law." *Coeur d'Alene Tribe,* 521 U.S. at 288, 117 S.Ct. 2028 (O'Connor, J., concurring). We consider each of these aspects of the *Young* doctrine in turn.

1. Acting Outside of Statutory Authority

 A state officer acts *ultra vires* "only when he acts without any authority whatever." *Pennhurst State Sch. & Hosp.,* 465 U.S. at 101 n. 11, 104 S.Ct. 900 (internal quotations and citation omitted). Washington law permits state officials to seize as contraband unstamped cigarettes bound for Indian tribes when the tribe has not notified the Department of the shipment. *See* Wash. Rev.Code § 82.24.250. In addition, the Supreme Court has specifically approved of states enforcing their tax laws through the off-reservation seizure of unstamped cigarettes. *See Washington v. Confederated Tribes of Colville Indian Reservation,* 447 U.S. 134, 161–62, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980); *see also Baker,* 63 F.3d at 1483. Clearly, the state officials here were acting within their delegated authority when they seized the cigarettes, sold them at auction, and scheduled an administrative hearing.

2. State Forum to Vindicate Federal Interests

 A state forum existed for the vindication of the Nation's federal interests. Along with having a right to challenge the seizure in the state administrative forum, the Nation had the option of bypassing that forum and instead bringing an action in state court. *See* Wash. Rev.Code

§ 82.24.135(5); *Comenout v. Washington*, 722 F.2d 574, 578 (9th Cir.1983).

### 3. Vindication of a Federal Right in Federal Court

It is undisputed that the Nation is a sovereign entitled to sovereign immunity and that, absent a clear waiver by the Nation, or congressional abrogation, a suit against the Nation is barred by sovereign immunity. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). The Nation contends that, by reason of its sovereign immunity, it has a federal right not to have its cigarettes seized and forfeited by the Department. To vindicate this federal right, the Nation argues it should be permitted to amend its complaint to include *ultra vires* claims against the individual state officers who participated in the seizure and forfeiture.

■ The Nation's argument depends on the extent of its sovereign immunity. If that immunity does not extend to shield the Nation from the Department's seizure and forfeiture of the Nation's unstamped cigarettes, then the federal right the nation asserts does not exist in this case and there is no federal right that requires vindication in federal court.

In support of its argument, the Nation contends the cigarettes cannot be "contraband" subject to seizure unless an adjudicative tribunal lawfully makes such a determination; such a lawful adjudication requires subjecting the Nation to the tribunal's jurisdiction; the Nation's sovereign immunity protects it from being subjected to the state's jurisdiction without its consent; because the Nation did not consent to the state's jurisdiction, the state cannot treat the cigarettes as "contraband"; thus, the state's seizure and sale of them was unlawful.

We reject this argument. The premise on which it is founded is false. The notion that the State of Washington can treat the Nation's cigarettes as contraband only after an adjudicative hearing with properly conferred jurisdiction over the Nation simply is not so. We have held that, absent advance notice to the Department, the shipment of unstamped cigarettes to purchasers on an Indian reservation in Washington renders the cigarettes "contraband subject to seizure and sale." *Baker*, 63 F.3d at 1483; *see also* Wash. Rev.Code § 82.24.250. Although the Department must schedule a forfeiture hearing to allow a claimant to seek the return of seized property, *see* Wash. Rev.Code § 82.24.135(5), a hearing to determine whether unstamped cigarettes are contraband is not a prerequisite to their seizure as contraband nor to their sale at auction as a perishable commodity. Because the Department had the right to treat the cigarettes as contraband, it had the right to seize and sell them. *See Baker*, 63 F.3d at 1483; *see also Confederated Tribes of Colville Indian Reservation*, 447 U.S. at 161–62, 100 S.Ct. 2069.

As a corollary to its argument against seizure and sale, the Nation argues that Washington's implementation of its administrative scheme, by which the Nation may participate in an administrative hearing and challenge the state's action, unduly interferes with the Nation's sovereignty. We also reject this argument.

As we have noted, the Nation's participation in the administrative proceeding is optional. The Nation may elect either to challenge the cigarette seizure in an administrative hearing or bring suit in Washington state court. *See Comenout*, 722 F.2d at 578. Without question, the practical effect of the seizure is that the Nation has to contest it in one state forum or the other, or suffer the loss of its cigarettes. But if the state's administrative seizure of the cigarettes is not an undue interference with the Nation's sovereign immunity (and under *Baker* it is not), the availability of a post-deprivation due process proceeding to challenge that action surely is not. We hold, therefore, that the Department did not unduly interfere with the Nation's sovereign immunity by affording it the oppor-

tunity to challenge the seizure in an administrative hearing. Neither the seizure and sale of the cigarettes, nor the implementation of Washington's administrative scheme to allow a challenge to the state's action, violated a federal right of the Nation.

### 4. Ongoing Violation of Federal Law

This case does not involve an ongoing violation of federal law. This aspect of the *Young* doctrine is inapplicable.

In sum, the district court did not abuse its discretion by denying the Nation's motion to amend its complaint to include *ultra vires* claims against individual state officers. Such an amendment would have been futile. The state officers did not plainly act outside their statutory authority, a state forum exists to vindicate the Nation's federal interests, no federal right requires vindication by a federal court, and the case does not involve any ongoing violation of federal law.

### C. Jurisdiction to Review the District Court's Remand Order

■ The Nation next argues the district court erred in remanding the administrative forfeiture proceeding. As a threshold matter, we must determine whether we have appellate jurisdiction to review the district court's remand order. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

■ While section 1447(d) appears on its face to bar all review of remand orders, courts have consistently interpreted it as precluding review only of remands based on a timely raised defect in removal procedure or lack of subject matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Krangel v. General Dynamics Corp.*, 968 F.2d 914, 915–16 (9th Cir.1992). Remand orders based on a defect in removal procedure or lack of subject matter jurisdiction are immune from review even

if the district court's order is erroneous. *See Krangel*, 968 F.2d at 916.

The district court in this case remanded the administrative proceeding after concluding that "the factors under [28 U.S.C.] § 1441 are not met since the administrative forfeiture proceeding is not a state court action and, in any event, there is no original jurisdiction." Thus, the remand order was based on two alternative holdings, one for lack of a state court action and the other for lack of subject matter jurisdiction. As to the latter holding, the district court held that it lacked jurisdiction because "[n]o federal statute applies to an action brought by a state against a piece of property found in the state that is deemed contraband according to state law."

■ This case is somewhat muddied by the district court's alternative holdings. A remand based only on the "lack of a state court action" would not be insulated from appellate review. On the other hand, a remand order based primarily on the lack of subject matter jurisdiction is insulated from review, even if the district court's jurisdictional determination is erroneous. *See Kunzi v. Pan American World Airways, Inc.*, 833 F.2d 1291, 1293–95 (9th Cir.1987) (determining that remand order based mainly on jurisdictional grounds was nonreviewable). Here, the district court not only stated it lacked subject matter jurisdiction, it couched its alternative holding (no state court action) in jurisdictional language as well. We conclude that the court's jurisdictional concerns played a central enough role in its remand decision that its remand was primarily for lack of subject matter jurisdiction, and as a result we lack appellate jurisdiction to review the propriety of the remand order.

■ Alternatively, we conclude that the district court did not err in remanding the administrative proceeding because the Nation is not a defendant in that proceeding. The right to remove a case from state to federal court is vested exclusively in "the defendant or the defendants ..." 28 U.S.C. § 1441(a). Federal law, not the applicable state statute or even the plead-

ings in state court, determines who is a plaintiff and who is a defendant. *See Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954). In the present case, the Department seized the property and then notified the Nation of the seizure and intended forfeiture, thereby affording the Nation "a reasonable opportunity to be heard as to the claim or right." Wash. Rev.Code § 82.24.135(5). Because the nature of the administrative proceeding placed the Nation in the role of a quasi-plaintiff with the burden of proof of establishing a claim to the property (the same role the Nation would have if it chose to challenge the seizure in state court), the Nation was not a "defendant," and removal of the administrative proceeding was improper.

D. Return of Proceeds to the State

Because the cigarettes were "contraband subject to seizure and sale," Wash. Rev.Code § 82.24.250(4); *see also Baker,* 63 F.3d at 1483, the Department had the power not only to seize and sell the cigarettes but to retain the auction proceeds pending the outcome of any administrative forfeiture proceeding or state court action, depending on which forum the Nation chose if it decided to contest the seizure. The district court, therefore, properly ordered the auction proceeds returned to the state.

CONCLUSION

Because the Department is immunized from suit under the Eleventh Amendment, we AFFIRM the dismissal of the Nation's original action. We also AFFIRM the district court's denial of leave to amend the Nation's complaint to include *ultra vires* claims against individual state officers. Such an amendment would have been futile. Because the district court remanded the removed administrative proceeding primarily for lack of subject matter jurisdiction, we lack appellate jurisdiction to review the remand order and therefore DISMISS that portion of the Nation's appeal. Alternatively, if we were to reach the merits of the district court's decision to remand the administrative proceeding, we would affirm the remand order because the Nation is not a "defendant" in that proceeding. Finally, we direct the district court to lift the stay of its order directing that the auction proceeds be disbursed to the Department.

AFFIRMED in part and DISMISSED in part.