Clifford J. JOHNSON, Plaintiff—
Appellant,

v.

CALIFORNIA COURT OF APPEAL,
SIXTH APPELLATE DISTRICT;
et al., Defendants—Appellees.

No. 02–17122.

D.C. No. CV–02–01841–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

Before BROWNING, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM**

Clifford J. Johnson appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action seeking to invalidate a settlement agreement he entered into with Stanford University in a prior state court action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir.2001) (failure to state a claim); *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir.1999) (Eleventh Amendment immunity), and we affirm.

The district court properly dismissed Johnson's claims against the Stanford Uni-

versity Board of Trustees, because his allegations did not establish any "substantial cooperation or inextricably intertwined activity" between the Board and any state officials sufficient to subject Stanford to section 1983 liability. *See Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir.2002).

The district court properly dismissed Johnson's claim against the California Court of Appeal as precluded by the Eleventh Amendment. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.2003).

The district court did not abuse its discretion in denying Johnson's Fed.R.Civ.P. 59 motion, because Johnson did not offer newly discovered evidence, demonstrate clear error or manifest injustice, or present an intervening change in controlling law. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001).

We are unpersuaded by Johnson's remaining contentions.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Appellant's request for oral hearing. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.