Steven S. GORMAN; et al., Plaintiffs—Appellants,

v.

**OFFICE OF THE INSURANCE COMMISSIONER, State of Washington; et al., Defendants—Appellees.**

No. 04–35637.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

 R.App. P. 34(a)(2).

**920**

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Steven S. Gorman, Dr. Henry D. Golden, and Ronald A. Quarterman ("Appellants") appeal pro se from the district court's order granting summary judgment for defendants in their 42 U.S.C. § 1983 action alleging that the Office of the Insurance Commissioner ("OIC") for the State of Washington, and its officers, violated their constitutional rights by prohibiting them from selling health insurance to members of their International Union for the Natural Health Complementary & Alternative Medicine Professions ("IUNHCAMP"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Olsen v. Idaho State Bd. of Med.*, 363

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

F.3d 916, 922 (9th Cir.2004), and we affirm.

■ The district court correctly held that defendants Hamje, Sureau, and Peterson were entitled to absolute immunity because the claims against them arose out of the performance of their necessary prosecutorial and judicial functions in the context of the Washington State OIC's administrative hearing. *See id.* at 923; *Mishler v. Clift*, 191 F.3d 998, 1004 (9th Cir.1999) (extending absolute prosecutorial and judicial immunity to state regulatory officials for their roles in a state administrative agency's judicial process).

■ The district court also properly dismissed Appellants' claims against the OIC for the State of Washington because the Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity. *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir.1999). To the extent Appellants sued the OIC defendants in their official capacities, their claims were properly dismissed because state officials acting in their official capacities are not considered 'persons' within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ The district court properly dismissed the claims against the Commissioner of Insurance, Mike Kriedler, as the Appellants did not allege that Kriedler personally participated in violating their constitutional rights, *see Weisbuch v. County of Los Angeles*, 119 F.3d 778, 781 (9th Cir.1997), or that any alleged violation stemmed from Kriedler's custom, policy, or failure to train his staff, *see City of*

*Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Appellants' remaining contentions lack merit.

AFFIRMED.