Mark MILLER, Plaintiff—Appellant,

v.

Jackie CRAWFORD; et al., Defendants—Appellees.

No. 05–15829.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted April 22, 2008.*

Filed May 2, 2008.

Mark Miller, Ely, NV, pro se.

Kelly S. Werth, Esq., Edward L. Oueilhe, Esq., Office of the Nevada Attorney General, Carson City, NV, Paul J. Anderson, Esq., Walther Key Maupin Oats Cox & Legoy, LLP, Reno, NV, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM ***

Mark Miller, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials and medical personnel were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Boston Mut. Ins. v. Murphree*, 242 F.3d 899, 902 (9th Cir.2001). We review for abuse of discretion the denial of leave to amend, *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.1999), and the denial of appointment of counsel, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). We affirm.

The district court did not abuse its discretion when it denied Miller's "motion to supplement complaint" because the addition of new claims and new defendants would have caused additional prejudice to the existing defendants and would have caused undue delay. *See Yakama Indian Nation*, 176 F.3d at 1246.

In Miller's prior preliminary injunction appeal, we concluded that he failed to demonstrate a likelihood of success on the merits. *Miller v. Crawford*, No. 03–15916 (9th Cir. Dec. 15, 2003) (memorandum). Therefore, the district court did not abuse its discretion when it declined to appoint counsel to represent Miller. *See Terrell*, 935 F.2d at 1017 (holding that only under "exceptional circumstances" is appointment of counsel proper and that a finding of "exceptional circumstances" requires an evaluation of the likelihood of success on the merits and other factors).

The district court did not abuse its discretion when it denied Miller's motion for appointment of medical experts because his action did not involve complex scientific evidence or issues. *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub. nom., Helling v. McKinney*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

Finally, the district court did not err when it granted summary judgment because Miller's contentions regarding appropriate treatment of hepatitis B and C amounted to a difference of opinion between Miller and the physicians, which is insufficient to establish deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). Further, Miller failed to submit evidence that he has active hepatitis B and requires treatment, or that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the tests he undergoes are grossly inadequate.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.