**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEGAN KRAINSKI, | No. 08-17682 |
| Plaintiff, | D.C. No. 2:08-cv-00417-JCM-GWF |
| v. | |
| REBECCA MILL; RICHARD CLARK; PHILLIP BURNS; NANNETTE JIMINEZ; SUSAN CARRASCO; TYREE PINI; LESLIE WALLENFELDT; BRETT GOFF; L. TRAMPOSCH; J. CULVER, | MEMORANDUM [*] |
| Defendants, | |
| v. | |
| KENYA POLEE, | |
| Defendant-third-party-plaintiff - Appellant, | |
| v. | |
| YVONNE SCOTT-WILLIAMS, | |
| Third-party-defendant - Appellee, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

STATE OF NEVADA EX. REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of University of Nevada, Las Vegas,

　　　　　Defendant-third-party-defendant - Appellee.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 3, 2009[**]
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Kenya Polee appeals from the district court's dismissal of her third-party complaint. We affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

**I**

The district court did not err in rejecting Polee's attempt to implead a third party pursuant to Federal Rule of Civil Procedure 14(a), a decision that we review for abuse of discretion. *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir.

---

[**] Per the request of counsel, this appeal was submitted on the briefs. *See* Fed. R. App. P. 34(a)(2).

1994).  Rule 14(a) authorizes impleader of a third-party defendant only when the "defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1990) (quotation marks and citation omitted). Impleader is inappropriate, where, as here, "the alleged third-party claim [merely] arises from the same transaction or set of facts as the original claim." *Id.* (quotation marks and citation omitted).

## II

The district court also properly dismissed the suit against the State of Nevada and state entity defendants because the defendants enjoy immunity from suit in federal court under the Eleventh Amendment.  *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999).  "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."  *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999).  Because the University is a state entity, the district court correctly determined that the Eleventh Amendment barred Polee's cross-claims against the University for both monetary and injunctive relief.

**AFFIRMED.**