# FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWANE LAMAR HUBBART, Doctor, DBA St. Mary's School of Medicine of the South Pacific, DBA St. Mary's Medical Sciences Program, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF HAWAII OFFICE OF CONSUMER PROTECTION, DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS; et al., <br><br> Defendants - Appellees. | No. 08-16211 <br><br> D.C. No. 1:07-cv-00459-DAE-BMK <br><br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted January 11, 2010[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Hubbart's request for oral argument is denied.

JK/Research

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Dwane Lamar Hubbart appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging injuries arising from a state court consent judgment entered in 1999. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal on Eleventh Amendment and statute of limitations grounds. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed the claims against the State of Hawaii Office of Consumer Protection, and the claims for money damages and retrospective declaratory relief against the state official defendants in their official capacities, as barred by the Eleventh Amendment. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999). Moreover, the district court properly dismissed all of the claims as barred by the statute of limitations under Hawaii law. *See* Haw. Rev. Stat. § 657-7 (2009) (two-year statute of limitations for personal injury actions); Haw. Rev. Stat. § 657-1(4) (2009) (six-year statute of limitations for "[p]ersonal actions of any nature whatsoever not specifically covered by the laws of the State").

The district court did not abuse its discretion by denying Hubbart's motion for reconsideration because Hubbart did not identify any new evidence, change in

law, clear error, or manifest injustice. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing district court's denial of a motion to reconsider for an abuse of discretion and setting forth requirements for reconsideration).

Hubbart's motion for leave to file a substituted initial brief is granted. The Clerk shall file the substituted initial brief received on November 10, 2008.

**AFFIRMED.**