
**.INOT FOR PUBLICATION**

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIANS FOR RENEWABLE ENERGY and STEPHAN C. VOLKER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CALIFORNIA PUBLIC UTILITIES COMMISSION, et al., <br><br> Defendants-Appellees. | No. 09-16751 <br><br> D.C. No. 3:08-cv-0954-JL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and CARNEY, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Cormac J. Carney, United States District Court for the Central District of California, sitting by designation.

CAlifornians for Renewable Energy ("CARE") and Stephan C. Volker (collectively "Appellants") appeal from the district court's dismissal of their complaint with prejudice. The district court determined that Appellants' First Amended Complaint sought to enforce state law against the Commissioners of the California Public Utilities Commission and that such relief was barred by Eleventh Amendment sovereign immunity. The district court also sua sponte decided that the *Rooker-Feldman* doctrine barred Appellants' claims. We review de novo the district court's ruling on Eleventh Amendment immunity. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm on the ground that Appellants' claims are barred by the Eleventh Amendment.

Appellants argue that their federal cause of action under the Due Process Clause[1] is not barred by the Eleventh Amendment because they seek relief pursuant to federal law and because they have stated a federal claim. In their First Amended Complaint, however, Appellants do not request notice and a hearing. Instead, Appellants seek a declaration and an injunction to enforce California Public Utilities Code Section 1806 and to require the Commissioners to recalculate

---

[1]Appellants do not appeal the district court's dismissal of the Commission as a defendant or the dismissal of their second cause of action under the California Constitution. Nor have Appellants indicated that they are proceeding against the Commissioners in their individual capacities.

2

Mr. Volker's attorney's fees based on his current market rate. *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1512 (9th Cir. 1994) ("Noatak essentially seeks an injunction directing the state to pay damages in the amount that Noatak alleges the state previously improperly withheld. This is precisely the type of retroactive relief that the Supreme Court [has] refused to allow . . . ."). Furthermore, whether Appellants have stated a federal claim is irrelevant to the question whether the relief they seek in their First Amended Complaint is based on federal or state law. The district court properly determined that the Eleventh Amendment bars Appellants' federal claim because it actually seeks to enforce state law against state officials in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Appellants argue that the district court erred by not granting them leave to amend their First Amended Complaint so that they could pray for an injunction requiring the Commissioners to give them notice and a hearing pursuant to their federal due process claim. We review a district court's denial of leave to amend for abuse of discretion. *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999). Appellants did not request leave to amend before the district court granted the Commissioners' motion to dismiss. The district court did not err by not giving Appellants leave to amend when they did not request it.

*Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000).  Although Appellants requested leave to amend in a motion for reconsideration filed six months after the district court dismissed the complaint, Appellants do not appeal the district court's denial of the motion for reconsideration as untimely.

Because we affirm on the ground that Appellants' claim is barred by the Eleventh Amendment, we need not consider the *Rooker-Feldman* doctrine or any of the alternative grounds for affirmance argued by the Commissioners.

AFFIRMED.