NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMI CAMPILLO, | No. 15-55167 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07077-DMG-VBK |
| v. | |
| DOVENMUEHLE MORTGAGE, INC.; MGC MORTGAGE, INC., a Texas Corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jimi Campillo appeals pro se from the district court's order dismissing with

prejudice his diversity action arising from foreclosure proceedings.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we can affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Campillo's wrongful foreclosure claim, which alleged that defendants lacked ownership of the loan or possession of the original note, because the claim arose prior to Campillo's bankruptcy petition under chapter 7 of the Bankruptcy Code, and Campillo failed to disclose it as an asset in his bankruptcy proceeding. *See Ah Quin v. County of Kauai Dept. of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) (doctrine of judicial estoppel generally bars discharged debtor from prosecuting claims omitted from bankruptcy schedules). We reject as without merit Campillo's contention that the bankruptcy court's February 22, 2013 order provided for the abandonment of the claims at issue.

Dismissal of Campillo's wrongful foreclosure claim based on defendants' alleged breach of the Servicer Participation Agreement was proper because Campillo failed to allege facts sufficient to show that he was an intended third-party beneficiary of this agreement. *See Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 117-18 (2011) (parties that incidentally benefit from a government

2                                                                    15-55167

contract may not enforce the contract absent an intent to the contrary); *GECCMC, 2005–C1 Plummer St. Office L.P. v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027, 1033 (9th Cir. 2012) ("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, rather than intended beneficiaries, and so may not enforce the contract absent a clear intent to the contrary." (citation omitted)).

The district court did not abuse its discretion in denying Campillo leave to amend because amendment would have been futile. *See Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (denial of leave to amend reviewed for abuse of discretion).

We do not address matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Campillo's requests set forth in the opening brief are denied.

**AFFIRMED.**