NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALLEN LEROY MCFARLIN,

Plaintiff-Appellant,

v.

PAUL PENZONE, Maricopa County
Sheriff; et al.,

Defendants-Appellees.

No.    19-16153

D.C. No.
2:18-cv-04598-SMB-DMF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted February 11, 2021
San Francisco, California

Before: WARDLAW and BEA, Circuit Judges, and CAIN,[**] District Judge.

Donallen McFarlin filed a civil rights suit under 42 U.S.C. § 1983,

complaining that his constitutional rights were violated when he was assaulted by

two officers and then denied medical care while in pretrial detention in Maricopa

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable James David Cain, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

County, Arizona. After identifying deficiencies in the pleadings and permitting two amendments, the district court dismissed the matter *sua sponte* under 28 U.S.C. § 1915A for failure to state a claim on which relief could be granted. McFarlin now appeals that ruling. He argues that the district court erred either in finding that he had failed to state a claim for relief and/or in denying him any further opportunity to amend. This court has jurisdiction under 28 U.S.C. § 1291 and reverses the district court's dismissal of the complaint.

We review *de novo* a district court's dismissal of a claim under 28 U.S.C. § 1915A's screening procedures for prisoner complaints. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We construe a pro se complaint liberally and take all allegations of material fact as true. *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017). A denial of leave to amend, on the other hand, is reviewed for abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citing *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

1. McFarlin first contends that the district court erred in dismissing his excessive force claim and in denying him further leave to amend the same. In his pro se pleadings, McFarlin alleged that he was attacked by John Doe Officers 1 and 2 while awaiting booking on unspecified charges at a jail in Maricopa County.

He specified that he was an elderly man[1] and that he posed no security risk to the officers, who slammed him against the wall based on a mistaken belief that he had been involved in a drug deal at the jail. He also alleged that he suffered a head injury as a result of the attack.

"The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kinglsey v. Hendrickson*, 576 U.S. 389, 397–98 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). To state such a claim, a pretrial detainee is required to show only "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97. The court must make its reasonableness determination from the perspective of a reasonable officer at the scene, without the benefit of hindsight and accounting for the state's legitimate interest in managing the facility where the plaintiff is detained. *Id.* at 397 (citing *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

Here, the district court dismissed McFarlin's excessive force claim because he failed to allege what each John Doe had done individually and because his allegations did not clarify whether the use of force might have been reasonable in light of the officers' suspicions about McFarlin's purported involvement in drug

---

[1] In his first complaint, McFarlin stated that he was 72 years old at the time of the incident.

trafficking at the jail. Under the liberal construction afforded to pro se complaints, however, the allegations appear to state a claim for relief.

First, as to the grouping of individuals, we have rejected a "team effort" theory of liability under § 1983 and instead required "integral participation" by each actor before liability attaches. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). That holding, however, related to jury instructions that allowed even bystander officers to be held liable for an unreasonable search. *See id.* at 294–95. We do not preclude liability when the defendant is alleged to have been an active participant, regardless of whether his individual actions rise to the level of a constitutional violation. *See Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004).The plaintiff must only show "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). McFarlin's assertion that both officers picked him up and slammed him against the wall sufficiently alleges that each was an active participant in the alleged violation.

As for reasonableness, the district court explained that the officers' suspicions of McFarlin's purported involvement in drug trafficking at the jail creates ambiguity over whether the use of force "could have" been justified. McFarlin has alleged, however, that he was sitting down and awaiting booking when the two officers, erroneously suspecting him of drug trafficking, picked him

4

up and threw him against a wall. Under the alleged facts, there is little room for us to determine that the use of force could have been justified. Accordingly, the district court erred in dismissing this claim and there is no need to consider whether it likewise abused its discretion in denying further amendment.

2. McFarlin next complains of the dismissal, without leave to amend, of his inadequate medical care claim. A pretrial detainee's claims of constitutionally inadequate medical care arise under the Fourteenth Amendment. *Castro v. Los Angeles Cnty.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc). To state a claim, the plaintiff must allege that the defendant acted with "deliberate indifference," *id.* at 1068, by showing the defendant's failure to treat a serious medical need, resulting in a risk of "further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

McFarlin alleged that he was denied adequate medical care when (1) John Does 1 and 2 ignored his request for medical care and (2) upon his transfer to another jail the next day, John Doe 3 also denied his request for care, stating that payment was required for such services and thereby violating an alleged policy to offer free care to indigent inmates. John Does 1 and 2 were presumably aware of the nature of McFarlin's injuries, having allegedly inflicted them. McFarlin also alleged that, when requesting medical attention from John Doe 3, he described the

5

incident, lump on his head, and continued pain along with numbness in his hands and fingers. As a result of the lack of care, he maintains, he still suffers from "bad headaches."

The district court determined that, even after two amendments, McFarlin's allegations were too vague and conclusory to support a claim of inadequate medical care. To this end, it again noted the grouping of allegations as well as the lack of sufficient information about what McFarlin had told each John Doe to make his alleged denial of medical care unreasonable. Finally, the district court observed that to the extent McFarlin was raising a claim based on John Doe 3's violation of jail policy, he also failed to state a claim for relief.

The grouping of defendants and allegations is addressed *supra* and likewise does not merit dismissal in this claim. Both John Does 1 and 2 are alleged to have ignored McFarlin's request in the immediate aftermath of the attack, and there is no indication from the pleadings that the third John Doe, who is described as a member of the medical staff, is more than one person. Accordingly, there is no basis for finding that each defendant could not have had sufficient involvement to support his liability under this claim or fair notice of the allegations against him.

The district court was correct that the alleged violation of jail policy was not enough to show deliberate indifference—such allegations, alone, instead support a claim of negligence at the most. But as for the alleged refusal of John Does 1, 2,

and 3 to grant McFarlin's request for medical care based on the information provided, this presents a closer question.

Under the liberal construction afforded to pro se complaints, McFarlin's allegations suffice. All three defendants were allegedly aware that McFarlin had suffered a head injury and continued to experience symptoms, yet they did not provide any sort of medical attention. McFarlin has not offered adequate detail for us to determine the severity of his injury or other potential warning signs. There is also insufficient information to determine whether prompt medical care would have prevented the complications (namely, chronic headaches) that he now allegedly faces. But given the medicalized nature of such information, the existing allegations as to the manner of his injury, and the general risk of severe complications posed by head injuries, *see, e.g.*, *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989), there is enough to state a claim for relief. Accordingly, the district court erred in dismissing this claim and we need not examine whether it also erred in denying leave to amend.

**REVERSED and REMANDED.**