**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA JESUS ROMERO, | No. 20-15060 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00108-JAS |
| v. | |
| UNION PACIFIC RAILROAD, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Maria Jesus Romero appeals pro se from the district court's summary judgment in her action alleging claims under the Federal Employers' Liability Act ("FELA") arising from a work-related accident. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Schmidt v. Burlington N. & Santa Fe Ry.*, 605

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 686, 688 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Romero's claims because Romero failed to raise a genuine dispute of material fact as to whether her accident or injuries were connected to Union Pacific's conduct or facilities. *See Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 503 (9th Cir. 1994) (a claim under FELA requires a plaintiff to "demonstrate some causal connection between a defendant's negligence and their injuries").

The district court did not abuse its discretion by denying Romero leave to file a third amended complaint because Romero already had multiple opportunities to amend, and the addition of new claims would cause prejudice and delay. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (denial of leave to amend is warranted if amendment "would cause prejudice to the opposing party . . . or creates undue delay"); *see also Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (standard of review).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett*

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**