**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN G. HOLLIS, | No. 20-16489 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00326-BLF |
| v. | |
| RISENHOOVER, Nurse Practitioner; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

California state prisoner Marvin G. Hollis appeals pro se from the district

court's summary judgment in his 42 U.S.C § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020),

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

The district court properly granted summary judgment because Hollis failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his chronic pain and mental health issues. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, and difference of opinion concerning the course of treatment do not amount to deliberate indifference).

The district court did not abuse its discretion in denying Hollis's motion for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and objective test to determine if recusal is required).

The district court did not abuse its discretion in denying Hollis's motion for leave to amend his complaint. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (setting forth standard of review and explaining denial of leave to amend is warranted if amendment "would cause prejudice to the opposing party . . . or creates undue delay").

The district court did not abuse its discretion in denying Hollis's motion to compel discovery because Hollis failed to establish that denial would result in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th

Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Hollis's motion for appointment of counsel because Hollis failed to demonstrate "exceptional circumstances" warranting appointment. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion in denying Hollis's motion for appointment of an expert because such appointment was not necessary for the court to make its determination. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review for appointment of an expert under Federal Rule of Evidence 706).

The district court did not abuse its discretion in denying Hollis's motion for judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

We reject as meritless Hollis's contentions that the district court failed to liberally construe his pro se pleadings, was biased against him, and improperly denied him subpoena forms.

20-16489

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**