**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABRIEL ECKARD, AKA Gabriel Allen
Eckard,

        Plaintiff-Appellant,

  v.

ALTA LANGDON, Health Services
Administrator, Snohomish County Jail;
JACOB TAYLOR, Mental Health
Professional Lead, Snohomish County Jail,

        Defendants-Appellees.

No. 21-35729

D.C. No. 2:19-cv-00579-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted September 12, 2023[**]

Before: CANBY, CALLAHAN, and OWENS, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sandoval v. County of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). We affirm.

The district court properly granted summary judgment because Eckard failed to raise a genuine dispute of material fact as to whether defendants' decision not to provide him with the specific mental health care he requested was unreasonable under the circumstances. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (identifying elements of a pretrial detainee's inadequate medical care claim under the Fourteenth Amendment, including that "the defendant did not take reasonable available measures to abate [the risk of suffering serious harm], even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (summary judgment is appropriate where "the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial").

The district court did not abuse its discretion in denying Eckard's motions for additional time to oppose defendants' summary judgment motion and seeking to extend the discovery deadline. *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612, 619-20 (9th Cir. 2017) (setting

forth standard of review and explaining that to prevail on a Rule 56(d) request, a party must state in an affidavit the specific facts it seeks in further discovery, and show that such facts exist and are essential to oppose summary judgment); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (setting forth standard of review and explaining that a district court has broad discretion to manage its docket and a moving party must demonstrate "good cause" to modify a pretrial scheduling order).

The district court did not abuse its discretion in denying Eckard's motion for leave to amend his complaint. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (setting forth standard of review and explaining that denial of leave to amend is warranted if amendment "would cause prejudice to the opposing party . . . or creates undue delay"); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion is "particularly broad" where it has previously granted leave to amend). To the extent Eckard sought to supplement his complaint, denial was not an abuse of discretion because Eckard's proposed filing sought to add numerous new defendants and unrelated causes of action. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (a supplemental pleading under Rule 15(d) "cannot be used to introduce a separate, distinct, and new cause of action" (citation and internal quotation marks omitted)).

21-35729

To the extent Eckard challenges the district court's order denying his motion for a preliminary injunction, the issue is moot because Eckard was transferred to a different institution. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (transfer to another facility moots inmate's claim for injunctive relief absent reasonable expectation of being transferred back).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Eckard's request for a copy of the opening brief, set forth in the opening brief, is granted. The Clerk will mail Eckard a copy of his opening brief received at Docket Entry No. 16. All other pending motions and requests are denied.

**AFFIRMED.**

21-35729