**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERAZZE A TAYLOR, | No. 23-35046 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05224-RJB |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS; ALYSSA KEKOA-OSHIRO; JAQUELINE NELSON; DAVID SATHERS NELSON; JEFF KINNE; DANIELLE ARMBRUSTER; STEPHEN SINCLAIR; MAURO PARTIDA; GWIN PENSROSE; JOHN DOES 1-50, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 23, 2024**

Before: FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-appellant Terazze Taylor appeals the district court's summary judgment in his action under 42 U.S.C. § 1983, in favor of defendants-appellees Washington Department of Corrections ("DOC") and several prison officials and employees. We review de novo. *Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022) (qualified immunity); *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (summary judgment). We affirm.

The district court properly dismissed Taylor's claims against the Washington DOC and prison officials in their official capacities, because these defendants are not "persons" for purposes of § 1983. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (explaining that states or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" under § 1983; a suit against a state official in their official capacity is no different from a suit against the State itself).

The district court properly dismissed Taylor's state-law claims against the Washington DOC and prison official in their official capacities based on Eleventh Amendment immunity. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999) (recognizing that Eleventh Amendment bars suits against state or its agencies unless state unequivocally consents to waiver of immunity).

The district court properly dismissed Taylor's claims against the individual defendants based on qualified immunity. *See Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007) (as amended) (protecting government officials performing discretionary functions if their conduct does not violate clearly established statutory or constitutional rights of which reasonable person would have known).

The district court correctly dismissed Taylor's claim under the Health Insurance Portability and Accountability Act (HIPAA), because HIPAA does not contain a private cause of action. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Taylor's remaining state law claims. *See* 28 U.S.C. § 1367(c); *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (citing standard of review and considerations of economy, convenience, fairness, and comity).

We decline to review any remaining issues that were not raised before the district court. *Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009).

**AFFIRMED.**