**Herman KRANGEL, et al., Plaintiffs–Respondents,**

v.

**GENERAL DYNAMICS CORPORATION, et al., Defendants–Petitioners.**

No. 92–80147.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 1992.

Decided July 1, 1992.

Michael S. Tracey, Gray, Cary, Ames & Frye, San Diego, Cal., James A. McKenna, Jenner & Block, Chicago, Ill., for defendant-petitioner.

Edward M. Gergosian, C. Keith Greer, Barrack, Rodos & Bacine, San Diego, Cal., William S. Lerach, Milberg, Weiss, Bershad, Specthrie & Lerach, San Diego, Cal., for plaintiff-respondent.

Before: FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.

PER CURIAM:

This petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) seeks to challenge a district court order remanding an action to the state court for lack of federal jurisdiction. 791 F.Supp. 1436 We hold that 28 U.S.C. § 1447(d) bars this court from granting review under section 1292(b).

Petitioners are the defendants in a shareholder derivative action brought by the respondents in the Superior Court for the County of San Diego. The complaint alleges that petitioner General Dynamics Corporation and twenty four of its officers and directors defrauded the United States Government in connection with numerous weapons contracts. Petitioners removed the action the district court for the Southern District of California under 28 U.S.C. §§ 1441 and 1442(a)(1).

Petitioners' removal petition asserted two grounds for federal removal jurisdiction. First, petitioners claimed that the action arose under the Constitution, laws, or treaties of the United States. Second, petitioners asserted that the action was removable as having been filed against a person acting under the direction of officers of the United States. The district court found that the federal laws relevant to the causes of action in the complaint do not afford a private right of action, and that a corporation cannot be a "person" acting under the direction of a federal officer for the purposes of section 1442(a)(1). The district court thus rejected both grounds for removal and remanded the action to state court for lack of federal jurisdiction.

The district court certified its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), finding that its order decided a controlling question of law about which there are substantial grounds for a difference of opinion, and that an immediate appeal would materially advance the termination of the litigation.

The federal courts have long recognized the express limits on appellate jurisdiction to review remand orders under 28 U.S.C. § 1447(d), which provides that an order remanding an action to state court for lack of federal jurisdiction is not reviewable "on appeal or otherwise."[1] *See Gravitt v. Southwestern Bell Telephone Co.,* 430

U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1, *reh. den.,* 431 U.S. 975, 97 S.Ct. 2941, 53 L.Ed.2d 1073 (1977); *Kunzi v. Pan American World Airways, Inc.,* 833 F.2d 1291 (9th Cir.1987). While acknowledging this prohibition on appeals from remand orders based on lack of jurisdiction, the district court held that the policies underlying the statute should not prevent review of an order, such as this, that rests on a previously undecided legal principle. Essentially, the district court found that an exception to section 1447(d) should be made for orders deciding important legal issues for the first time. We disagree.

In certifying its order for appeal pursuant to section 1292(b), the district court relied on two appellate decisions. Its reliance on *National Audubon Soc. v. Department of Water,* 858 F.2d 1409 (9th Cir.1988), is misplaced. In that case we held that section 1292(b) could be used to review a discretionary partial remand of pending state claims. The case did not involve an order remanding an action for lack of federal jurisdiction, but rather an order remanding pendent state claims after disposition of federal claims that had been properly removed. We have previously held that such discretionary remand orders are reviewable. *See Survival Systems Division of the Whittaker Corp. v. U.S. District Court,* 825 F.2d 1416 (9th Cir.1987), *cert. denied,* 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988) (discretionary remand orders generally reviewable only by petition for writ of mandamus because such orders do not finally determine a substantive legal issue under the collateral order doctrine).

The district court also relied upon the Third Circuit's decision in *In Re TMI Litigation Cases Consolidated II,* 940 F.2d 832 (3rd Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992). The Third Circuit accepted jurisdiction to review a remand order that was based on lack of federal jurisdiction. However, the

---

**1.** Although section 1447(d) refers to review of orders remanding an action to the state court as improvidently removed under section 1447(c), this court has held that the prohibition on review applies to any statutory remand order based on lack of federal jurisdiction. *See Feder-*

*al Savings and Loan Insurance Corp. v. Frumenti Development Corp.,* 857 F.2d 665 (9th Cir. 1988) (section 1447(d) applies to actions removed under statutes other than 28 U.S.C. § 1441).

basis for the district court's determination that it lacked jurisdiction was its holding that the predicate federal statute was unconstitutional. The Third Circuit accepted review, finding that section 1447(d) was not intended to preclude review of a decision challenging the constitutionality of a federal statute. 940 F.2d at 836. Without deciding whether we could accept jurisdiction under like circumstances, we decline to expand the scope of the Third Circuit decision.

The district court's concern that failure to create an exception to section 1447(d) in this instance will result in a complete lack of federal appellate guidance on important legal issues of first impression is overstated. This court could, for instance, review under section 1292(b) a district court decision denying a motion to remand involving the same or similar issues presented in this case. *See O'Halloran v. University of Washington,* 856 F.2d 1375 (9th Cir.1988); *Takeda v. Northwestern National Life Insurance Co.,* 765 F.2d 815 (9th Cir.1985).

Similarly, the district court's concern for the soundness of its decision does not justify creating an exception to section 1447(d). We have recognized that the strong congressional policies behind section 1447(d)'s bar of appellate review preclude review even of patently erroneous district court decisions. *See Hansen v. Blue Cross of California,* 891 F.2d 1384, 1387 (9th Cir. 1989); *Frumenti Development Corp.,* 857 F.2d at 667.

Review of a remand order that is based solely on lack of federal jurisdiction is precluded. *See Frumenti Development Corp.,* 857 F.2d at 671 (petition to appeal remand order under section 1292(b) denied). Accordingly, the petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.