91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William A. KNAUSS, Debtor.
Fred R. KARTCHNER; Beverly Kartchner, Plaintiffs-Appellees,
v.
William A. KNAUSS, Debtor-Appellant.
 No. 95-17375.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debtor William A. Knauss ("Debtor") appeals pro se the district court's dismissal of his appeal from the bankruptcy court's remand of an action to state court. We affirm.
 
 
 3
 Here, the bankruptcy court remanded a state court action of Fred and Beverly Kartchner ("Kartchners") for lack of federal jurisdiction.[1] The issue on appeal, therefore, is whether the bankruptcy court's non-discretionary remand, which is not barred from review by 28 U.S.C. § 1452(b)[2], is nonetheless barred from review by the general removal provision as set forth in 28 U.S.C. § 1447(d).
 
 We have stated:
 
 4
 Although section 1447(d) refers to review of orders remanding an action to the state court as improvidently removed under section 1447(c), this court has held that the prohibition on review applies to any statutory remand order based on lack of federal jurisdiction. See Federal Savings and Loan Insurance Corp. v. Frumenti Development Corp., 857 F.2d 665 (9th Cir.1988) (section 1447(d) applies to actions removed under statutes other than 28 U.S.C. § 1441).
 
 
 5
 Krangel v. General Dynamics Corp., 968 F.2d 914, 915 n. 1 (9th Cir.1992) (per curiam).
 
 
 6
 Accordingly, the district court did not err by dismissing the Debtor's appeal. Id. at 916. ("Review of a remand order that is based solely on lack of federal jurisdiction is precluded.").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The bankruptcy court held that Debtor's rights and liabilities were not affected by the real property at issue because it was previously sold. The bankruptcy court also held that jurisdiction was lacking because the Debtor's notice of removal was untimely filed
 
 
 [2]
 Section 1452(b) is applicable to removal of claims that are related to bankruptcy cases. It provides:
 The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.
 As stated above, the bankruptcy court remanded the Kartchners' state court action for lack of jurisdiction. Section 1452(b) is therefore not applicable, since the bankruptcy court's remand was not based on an "equitable ground."