**REGAL STONE LIMITED and Fleet Management Ltd, Plaintiffs,**

v.

**LONGS DRUG STORES CALIFORNIA, L.L.C., a California limited liability company, Longs Drug Stores, L.L.C., a Maryland limited liability company, Longs Drug Stores Corporation, a California corporation, CVS Caremark Corporation, a Delaware corporation, Louie Chester, an individual, and Does 1–20, Defendants.**

**Case No. 11–4540 SC.**

United States District Court, N.D. California.

March 2, 2012.

Order Granting Motion to Certify Appeal May 4, 2012.

David Andrew Tong, Joseph Albert Walsh, Keesal Young & Logan, Long Beach, CA, Samuel A. Keesal, Jr., Keesal, Young & Logan, A Professional Corporation, San Francisco, CA, for Plaintiffs.

Clinton Judd McCord, Wildman, Harrold, Allen & Dixon LLP, Beverly Hills, CA, Jon-Paul Manuel Lapointe, Edwards Angell et al., Newport Beach, CA, for Defendants.

*ORDER DENYING PLAINTIFFS' MOTION TO REMAND*

SAMUEL CONTI, District Judge.

## I. *INTRODUCTION*

This case arises from a well-publicized November 7, 2007 incident in which the Cosco Busan, a 900-foot long container ship, struck the San Francisco-Oakland Bay Bridge while under the command of a registered bay pilot, John Cota ("Cota"). Plaintiffs Regal Stone Limited and Fleet Management Ltd. ("Plaintiffs") are, respectively, the owners and technical manager of the Cosco Busan. Both are foreign business entities incorporated in Hong Kong. They bring three state law claims against Defendants Longs Drug Stores California, L.L.C., Longs Drug Stores, L.L.C., Longs Drug Stores Corporation (collectively, "Longs"), CVS Caremark Corporation ("CVS"), and Louie Chester ("Chester").[1] Plaintiffs identify

1. There is some confusion about whether this Defendant's name is Louie Chester or Chester

CVS as the corporate parent of Longs, a pharmacy business. Chester is a Longs pharmacist. Plaintiffs' theory of recovery, in brief, is that Defendants' negligence in providing prescription medicine to Cota contributed to the bridge collision.

Though this case originated in dramatic events, the instant motion concerns a relatively mundane procedural matter, Plaintiffs' motion to remand the case to state court. ECF No. 13 ("Mot.").[2] The parties fully briefed the Motion, and also responded to an Order for supplemental briefing. ECF Nos. 22 ("Opp'n"), 24 ("Reply"), 35 ("CVS's Supp. Brief"), 36 ("Pls.' Supp. Brief"). The Motion is suitable for determination without oral argument. Civ. L.R. 7–1(b). For the reasons set forth below, the Court DENIES Plaintiffs' Motion to Remand.

## II. *PROCEDURAL AND LEGAL BACKGROUND*

Plaintiffs originally filed this action in California state court on January 31, 2011. Plaintiffs amended their complaint on March 9, 2011. Both the initial and amended complaint were filed under seal because Cota has claimed a protected privacy interest in medical information they contain. In California state court, purportedly confidential documents are filed along with a motion to seal, and the documents remain under conditional seal pending hearing. *See* Cal. R. Ct. 2.550, 2.551. Plaintiffs did not attempt to serve the complaint on any defendant because Plaintiffs were waiting for the state court to rule on the motion to seal and issue guidance on how to treat Cota's medical information. ECF No. 20–1 ("Walsh Decl.") ¶ 6. Consequently, even though this litigation began more than a year ago and the parties have met and conferred numerous times, Defendants have seen only the publicly available versions of the complaint.

The publicly available version of the First Amended Complaint is heavily redacted. It contains little more than the names of the legal theories under which Plaintiffs have brought their claims (negligence; negligence per se; and contribution and indemnity), a general description of the bridge collision, and Plaintiffs' prayer for relief. Nineteen of the First Amended Complaint's twenty-four pages are blank, including the pages which normally would assert claims and allege supporting facts.

Following Plaintiffs' March 9, 2011 filing of the First Amended Complaint and the related motion to seal, the state court set a hearing on April 28, 2011. When that date arrived, the state court continued the hearing to August, apparently on its own motion. In July, Plaintiffs requested and received a continuance to October. On September 7, Plaintiffs asked for leave to file a Second Amended Complaint, and, as they had previously, lodged their amended pleading under conditional seal. On September 13, more than seven months after the case began, CVS removed to this Court.

CVS then moved to relate this case to others brought before this Court by federal, state, and local governments in connection with the Cosco Busan incident. ECF No. 9. The Court denied the motion to relate. ECF No. 11. Plaintiffs then filed

Louie. *Compare* ECF No. 20–4 ("FAC") (amended complaint naming "Louie Chester" as a party) *with* ECF No. 1 ("NOR") ¶ 5 (notice of removal stating that name is actually Chester Louie). The Court uses the name in the operative complaint, Louie Chester.

2. Also currently pending before the Court are CVS's Motion to Unseal the First Amended Complaint and Plaintiffs' Administrative Motion to seal portions of the First Amended Complaint and for a protective order. ECF Nos. 21, 27. The Court addresses these motions in a separate Order.

the instant motion to remand, arguing that CVS had improperly availed itself of this Court's removal jurisdiction. CVS strenuously contests this point. To provide context for the dispute, the Court will briefly review the basics of removal jurisdiction.

This Court may exercise removal jurisdiction over cases for which it has original jurisdiction. *See* 28 U.S.C. § 1441(a).[3] The Court exercises original jurisdiction over cases arising under federal law, § 1331 ("federal question jurisdiction"), and cases between parties of completely diverse citizenship when the amount in controversy exceeds $75,000, § 1332 ("diversity jurisdiction"). Section 1332(a)(2) provides for original jurisdiction where, as here, a foreign entity is a party. Therefore, a foreign plaintiff can always opt to sue in federal court under the court's diversity jurisdiction. Here, Plaintiffs are both foreign entities.

When a plaintiff can sue in federal court but opts instead to sue in state court, a defendant may remove to federal court simply by filing a notice of removal. *See* § 1446. The procedure for challenging the propriety of removal is a motion to remand the case back to state court. *Moore–Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir.2009). The federal court may remand for lack of jurisdiction and for any defect in the removal procedure. *See* § 1447(c); *Tengler v. Spare,* No. C–95–33421 SI, 1995 WL 705142, at *2 (N.D.Cal. Nov. 15, 1995). Because removal from state to federal court implicates significant federalism concerns, courts construe the removal statute strictly, resolving any doubts about removal in favor of remand and placing on defendants the burden of establishing that removal was proper. *Takeda v. Northwestern Nat. Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir.1985) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

It has often been remarked that Congress authorized removal to protect out-of-state defendants from having to defend in a plaintiff's (presumably sympathetic) local courts. *E.g.,* Charles Alan Wright & Arthur R. Miller, 14B *Fed'l Prac. & Proc.* § 3721 (3d ed. 1998 & Supp.2011). Consistent with this principle, the forum defendant rule, codified at § 1441(b)(2), bars removal when a defendant who has been "properly joined and served" is a citizen of the state in whose court the action originated.[4] This rule embodies the notion that a defendant cannot complain of being haled before the courts of his or her own state.

In this case, Chester is a California citizen and Plaintiffs originally sued in a California court.[5] It is undisputed that if Chester had been served before CVS removed, the forum defendant rule would bar removal of this case. However, as Plaintiffs acknowledge, they have served neither Chester nor any other defendant. Still, they assert that Chester's presence in the case makes removal improper. They rely on § 1446, which provides in pertinent part: "The notice of removal of a

3. Further references to the United States Code are to Title 28.

4. On December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63; 125 Stat. 758 (2011) ("FCJVCA"). The FCJVCA substantially rewrote portions of §§ 1441 and 1446, among other code sections. Because the amendments do not change the Court's analysis, for ease of reference the Court cites to the amended statute.

5. Defendant Longs Drug Stores California, L.L.C., is also a California citizen by virtue of its incorporation in that state, but the parties focus on Chester and the Court will do the same. The remaining Defendants are not California citizens.

civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." § 1446(b)(1). Plaintiffs argue that this language creates a thirty-day window within which removal is proper. Plaintiffs say the removal window opens upon service; before service, removal is premature. CVS urges the Court to follow § 1441, which provides that removal is proper unless a forum defendant already has been "properly joined *and served.*" § 1441(b)(2) (emphasis added). The instant Motion to Remand turns on these provisions. The question before the Court is: may a defendant remove to federal court when a forum defendant has been properly joined [6] but not served?

## III. *DISCUSSION*

As the Court observed in its January 17, 2011 Order requiring supplemental briefing, both parties initially premised their arguments on the proposition that the relevant removal statutes, §§ 1441 and 1446, are clear and unambiguous. ECF No. 34 ("Order") at 3. The parties could do little else, given that the federal courts uniformly have treated them as such. *See id.; see also* Jordan Bailey, Comment, "Giving State Courts the Ol' Slip: Should a Defendant Be Allowed to Remove an Otherwise Irremovable Case to Federal Court Solely Because Removal Was Made Before Any Defendant Is Served?," 42 Tex. Tech L.Rev. 181 (2009) ("Bailey Comment") (collecting cases). In the absence of appellate decisions addressing the precise issue presented in this case, district courts have disagreed about the proper application of the removal statute's "properly joined and served" language when a forum defendant is joined but not served. The courts divide into two camps, one favoring removal, the other remand. The pro-removal courts hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served. This district follows that approach. E.g., *Republic W. Ins. Co. v. Int'l Ins. Co.,* 765 F.Supp. 628, 629 (N.D.Cal.1991), *City of Ann Arbor Emp. Ret. Sys. v. Gecht,* C–06–7453 EMC, 2007 WL 760568, at *8 (N.D.Cal. Mar. 9, 2007).

The pro-remand courts also read the removal statutes to be clear and unambiguous, but they have held that courts must look past the statutes' plain language to effectuate congressional intent. *See* Bailey Comment, 42 Tex. Tech L.Rev. at 187, 189–93. These courts regard the "properly joined and served" language as a limit on plaintiffs' ability to evade federal jurisdiction by improperly joining forum defendants against whom they do not intend to proceed. *E.g., Holmstrom v. Harad,* No. 05 C 2714, 2005 WL 1950672, at *2 (N.D.Ill. Aug. 11, 2005). Pro-remand courts have discerned in this limitation a broad Congressional intent to quash gamesmanship, and observed that the statute's plain language allows for and even encourages gamesmanship by defendants. *E.g., Sullivan v. Novartis Pharm. Corp.,* 575 F.Supp.2d 640, 646 (D.N.J.2008). Indeed, pro-removal courts have made the same observation. *E.g., Gecht,* 2007 WL 760568 at *8; *Poznanovich v. AstraZeneca Pharm. LP,* No. 11–4001(JAP), 2011 WL 6180026, at *1 (D.N.J. Dec. 12, 2011). The statute plainly allows defendants to elude state court jurisdiction by filing a notice of removal before the plaintiff has had a chance to serve any forum defendant. The statute does nothing to prevent sophisticated defendants from electronically moni-

6. Defendants do not challenge the propriety of Chester's presence in this action so the Court assumes its propriety arguendo.

toring state court dockets so that, as soon as a case is filed, they can speedily remove to federal court. *Cf. Sullivan,* 575 F.Supp.2d at 647 n. 4. Depending on how quickly a particular state court's docket reflects the assignment of cases to particular judges, defendants may adopt a policy of deciding to remove only after they see whether they have drawn a supposedly defense-leaning judge. Pro-remand courts have concluded that this opportunity for court-shopping contradicts Congressional intent.[7] They therefore read out of § 1441 the words "and served," notwithstanding what they have taken to be the statute's clear and unambiguous language.

As this brief review suggests, courts on either side of the split have assumed that the removal statutes are clear and unambiguous. However, placing one's faith in the removal statutes' clarity became somewhat more difficult when, on December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63; 125 Stat. 758 (2011) ("FCJVCA"). The FCJVCA purports to clarify the language of §§ 1441 and 1446, among other code sections. The parties, in supplemental briefing, addressed the effect of the FCJVCA on this case.[8] CVS points out that the FCJVCA did not amend the portion of § 1441 requiring that a forum defendant be "properly joined and served," and in fact added this language to § 1446(b), which sets forth the procedural requirements for removal. CVS's Supp. Brief at 3–4. CVS asserts that, by leaving the words "and served" untouched, Congress endorsed the current regime. Plaintiffs, on the other hand, note that Congress also left untouched § 1446's requirement that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise," of the complaint. Pl.'s Supp. Brief at 2–3. Plaintiffs emphasize the section's use of the mandatory "shall" in combination with the prepositions "within" and "after." This, Plaintiffs argue, confirms Congress's intent for service to trigger a thirty-day removal period within which removal may be proper, but outside of which it is untimely—either too late or, as Plaintiffs would have it here, too early. Plaintiffs suggest that if Congress had intended to permit removal before service, it could have said "no later than" rather than "within." *Id.* at 3.

The Court disagrees with Plaintiffs. Their proposed reading would improperly discard pivotal parts of the statute as mere surplusage. *See Planned Parenthood of Idaho, Inc. v. Wasden,* 376 F.3d 908, 928–29 (9th Cir.2004). Section 1441 applies to forum defendants "properly joined and served," but Plaintiffs would disregard the words "and served." Plaintiffs urge the Court to follow out-of-district cases that have adopted just this reading. However, the Northern District has consistently followed the alternate view, which gives effect to those words. The Court is not persuaded that it would be appropriate to depart from that position now and thereby disrupt the settled expectations of litigants in this district.[9]

7. The pro-remand cases do not emphasize as strongly as they could the federalism concerns animating the presumption against removal. The plain language of the "properly joined and served" restriction results in a federal court wresting jurisdiction from a state court for the sole reason that service has not yet been perfected on a defendant who, once served, would lack the power to remove.

8. The FCJVCA's amendments do not apply to cases filed before January 6, 2012, but it is still relevant to this case because it purports to clarify the removal statutes and thus provides evidence of prior Congressional intent.

9. The facts of this case make the question closer than it might have been. Unlike in other cases from this district which have upheld removal, there is no indication that Plaintiffs have dragged their feet in failing to

■ Nor has Congress commanded that it must do so. Indeed, the FCJVCA's legislative history strongly suggests that when Congress amended the removal statutes, it simply did not have the issue of premature removal in mind. *See* H.R.Rep. No. 112–10, at 11–16 (omitting mention of district court split). As much as the Court may wish that Congress had taken the FCJVCA as an opportunity to speak clearly and affirmatively on this point, Congress did not do so, and it is well-settled that where Congress amends part of a statute and leaves another part unchanged, a court must interpret Congress's inaction as satisfaction with the unamended portion, or at least tolerance of its inadequacies. *See, e.g., PLIVA, Inc. v. Mensing,* — U.S. ——, 131 S.Ct. 2567, 2587, 180 L.Ed.2d 580 (2011). The Court is therefore bound to take Congress's preservation of § 1441's "properly joined and served" language as an endorsement.

Plaintiff relies on *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). But that case is inapposite here. *Murphy Brothers* spoke only to whether a defendant could be "obligated" to remove prior to formal service, not whether a defendant is permitted to do so. *See id.* at 347, 119 S.Ct. 1322; *Poznanovich,* 2011 WL 6180026, at *5. The case is intriguing in that it highlights supposedly "plain language" in the removal statutes which the Supreme Court ultimately interpreted to mean something plainly different. *See Murphy Bros.,* 526 U.S. at 353–354, 119 S.Ct. 1322 (quoting *Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.,* 145 F.R.D. 674, 679 (D.Ariz.1993) ("[I]f in fact the words [of the statute] had a plain meaning, the cases would not be so hopelessly split over their proper interpretation.")). But this point does not help Plaintiffs. Under the circumstances presented here, the Court is persuaded that the proper course is to follow the weight of authority in this district and to treat Congress's silence on the current regime's efficacy as an endorsement.

## IV. *CONCLUSION*

For the foregoing reasons, the Court DENIES the Motion to Remand brought by Plaintiffs Regal Stone Limited and Fleet Management Ltd. The Court retains removal jurisdiction over this matter notwithstanding the presence of an unserved California citizen, Defendant Louie Chester.

IT IS SO ORDERED.

*ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND DENYING DEFENDANT CVS'S EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF*

## I. *INTRODUCTION*

This Order disposes of two matters currently before the Court. The first is a motion requesting certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), filed on March 27, 2012 by Plaintiffs Regal Stone Limited and Fleet Management LTD's ("Plaintiffs"). ECF No. 42 ("Pls.' Mot."). The Motion is fully briefed. ECF Nos. 43 ("CVS Opp'n"), 44 ("Pls.' Reply"). Plaintiffs' Motion asks the Court to certify for interlocutory appeal an order entered March 2, 2012, in which the Court denied Plaintiffs' motion to remand this case to the California state court in

serve Defendants. On the contrary, Plaintiffs have articulated perfectly legitimate reasons for not yet having done so. *See* Walsh Decl. ¶ 6. The Court also notes that CVS acquiesced to state court jurisdiction for nearly eight months before removing and has articulated no reason why removal has suddenly become appropriate.

which Plaintiffs initially filed it. *See* ECF No. 40 ("Order").

The second matter before the Court is an ex parte application for administrative relief pursuant to Civil Local Rule 7–10, filed on May 1, 2012 by Defendant CVS Caremark Corporation ("CVS"). ECF No 45 ("CVS Ex Parte App."). Plaintiffs filed an opposition brief. ECF No. 47 ("Pls.' Opp'n to Ex Parte App."). CVS asks the Court to order Plaintiffs to immediately serve on all defendants a full and unredacted copy of the operative complaint in this case. *See* Remand Order at 2–3, 10 n. 9 (explaining and accepting Plaintiffs' reasons for not yet having effected such service).

For the reasons set forth below, the Court GRANTS Plaintiffs' motion, stays all further district court proceedings in this case pursuant to 28 U.S.C. § 1292(b), and, accordingly, DENIES CVS's ex parte application as moot.

## II. *BACKGROUND*

As detailed in the Court's March 2, 2012 Order denying Plaintiffs' motion to remand, Plaintiffs in this case are foreign corporations, and the bulk of the named defendants are domestic corporations incorporated outside California. At least one defendant, a natural person, is a California citizen. Plaintiffs make a variety of state law claims, and originally chose to bring those claims in California state court. Because their complaint contained the private medical information of a nonparty who had asserted his California state privacy rights, Plaintiffs, following California rules of court, filed only a heavily redacted version of the complaint. They filed it alongside a motion to seal—in effect, a motion for a protective order. Plaintiffs never served any of the defendants with the redacted complaint because they were waiting for the state court to rule on the motion to seal. And wait they did. After nearly eight months, several continuances, and at least two amended complaints, defendant CVS specially appeared and removed the case to this Court, notwithstanding Plaintiffs' having joined, but not served, at least one California citizen as defendant. *See* Order at 2–3. Normally, under the "forum defendant" rule, a case is not removable from state court when a citizen of that state has been "properly joined and served" as a defendant. *See* 28 U.S.C. 1441(b)(2).

This Court observed that other district courts around the nation have split into two camps over how to apply the forum defendant rule when, as here, a forum defendant has been properly joined but not served. Order at 7. One camp favors removal in such circumstances; the other, remand. *Id.* The Court noted the absence of any appellate authority on the question. *Id.* The Court, after reviewing the positions of the two camps, decided to follow the weight of authority in its own district, which favors removal. *Id.* at 11. Accordingly, the Court denied Plaintiffs' motion to remand and retained jurisdiction over the case. *Id.*

## III. *DISCUSSION*

In civil cases, a district court may certify an order for interlocutory appellate review if (1) the order involves a controlling question of law, (2) an immediate appeal of the order may materially advance the ultimate termination of the litigation, and (3) the order involves a question upon which there are substantial grounds for difference of opinion. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1981). Assuming these conditions are satisfied, and subject to the discretion of the Court of Appeals, orders denying motions to remand may be appropriate subjects for interlocutory review. *See, e.g., Guglielmino v. McKee Foods*

*Corp.*, 506 F.3d 696, 698 (9th Cir.2007); *see also Krangel v. Gen. Dynamics Corp.*, 968 F.2d 914, 915 (9th Cir.1992) (orders *granting* motions to remand are not subject to appeal, interlocutory or otherwise).

Here, the Court's March 2, 2012 Order denying Plaintiffs' motion to remand satisfies the requirements of 28 U.S.C. § 1292(b) and accordingly the Court will certify it for interlocutory appeal. The Order involves a controlling question of law. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement,* 673 F.2d at 1026. The precise issue before the Court when it issued the Order was whether removal of a case from state court on diversity grounds was proper when a forum defendant had been properly joined but not served. Resolution of that issue on appeal will determine whether the litigation continues in the district court at all; hence, the question is "controlling" for purposes of 28 U.S.C. § 1292(b). Moreover, an immediate appeal of the order would materially advance the ultimate termination of the litigation in the sense that if the motion to remand were granted, the federal courts would cede jurisdiction of this matter to the California state courts, effectively ending federal litigation of this case. Finally, the Court reviewed at length in the Order the substantial grounds for difference of opinion on the issue presented. Indeed, reviewing the district court cases, there is little but difference of opinion, and no appellate court has issued guidance. Thus this condition too is satisfied.

CVS's arguments to the contrary are unavailing. CVS characterizes the Order as having done nothing more than applied the plain language of the statute, and argues that the Ninth Circuit could do nothing but the same. Opp'n at 5–7. This flirts with a serious mischaracterization of the content of the Order, which emphasized the lack of clarity in the statutory language. *See, e.g.,* Order at 8 ("[P]lacing one's faith in the removal statutes' clarity became somewhat more difficult when, on December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011. . . ."). Indeed, the Court ordered supplemental briefing because of this perceived lack of clarity. *See* ECF No. 34. CVS's other primary argument, that the Ninth Circuit cannot fail to agree with this Court, is similarly unavailing. As the Court explained in the Order denying remand, there is a substantial difference of justifiable opinions among the federal district courts, and an absence of appellate authority. Order at 7–8. The Ninth Circuit could endorse the reasoning of cases from outside this district.

## IV. *CONCLUSION*

The Court GRANTS Plaintiffs Regal Stone Limited and Fleet Management LTD's motion and CERTIFIES for interlocutory appeal the Court's March 2, 2012 Order denying Plaintiffs' motion to remand. ECF No. 40; *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.,* No. 11–4540 SC, 881 F.Supp.2d 1123, 2012 WL 685756, 2012 U.S. Dist. LEXIS 28115 (N.D.Cal. Mar. 2, 2012). The Court STAYS all further district court proceedings in this case for the duration of the appeal. The Court DENIES as moot Defendant CVS Caremark Corporation's ex parte application for administrative relief, seeking an order compelling Plaintiffs to perfect service of the operative complaint.

IT IS SO ORDERED.